IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| PETER HUDSON, | ) | |
| | ) | |
|       *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Case No.: _____ |
| | ) | |
| **BRADLEY L. SMITH,** | ) | |
| in his individual capacity, | ) | |
| *Serve*: Bradley L. Smith | ) | |
|      11593 State Highway O | ) | |
|      Mineral Point, MO 63660 | ) | |
| | ) | |
| and | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **AARYN M. IVES,** | ) | |
| in his individual capacity, | ) | |
| *Serve*: Aaryn M. Ives | ) | |
|      11593 State Highway O | ) | |
|      Mineral Point, MO 63660 | ) | |
| | ) | |
|         *Defendants.* | ) | |

## COMPLAINT

**COMES NOW** Plaintiff Peter Hudson, by and through undersigned Counsel, Derrick R. Williams, and complains of Defendants Bradley L. Smith and Aaryn M. Ives as follows:

## INTRODUCTION

1.     This is a complaint made on the basis of serious violations of 42 U.S.C. § 1983 resulting in Ronald Morris ("Morris") violently and viciously stabbing Plaintiff Peter Hudson (hereinafter "Hudson") in his right eye while Hudson slept in a shared cell with Morris. Plaintiff brings this claim to redress the deprivation of his rights under the Eighth

1

and Fourteenth Amendments to the United States Constitution at the hands of those charged with his care resulting in the unprovoked stabbing in Hudson's right eye; ultimately resulting in the enucleation of Hudson's right eye. Plaintiff seeks monetary damages, punitive damages, and attorneys' fees and costs.

## JURISDICTION AND VENUE

2. The Federal claims in this action arise under the Constitution of the United States' Eighth and Fourteenth Amendments' prohibition against cruel and unusual punishment and for procedural due process pursuant to 42 U.S.C. § 1983.

3. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343, as well as any claims seeking relief pursuant to 28 U.S.C. §§ 2201 and 2202, and Fed. R. Civ. P. 57 and 65. This Court has authority to award costs and attorneys' fees under 42 U.S.C. § 1988.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) & (b)(2). A substantial part of the events and omissions giving rise to the claim in this action occurred in this district.

5. Venue is proper in this Division under Local Rule 2.07 because the actions at issue occurred at Potosi Correctional Center in Washington County, Missouri, which is within the divisional venue of the Eastern Division.

## PARTIES

6. Plaintiff Peter Hudson is a citizen of the United States and at all times relevant herein, was incarcerated at the Potosi Correctional Center (hereinafter "PCC"), 11593 State Highway O, Mineral Point, Missouri 63660.

2

7.      During the time relevant to this action, Defendant Bradley L. Smith worked as a Correctional Officer at PCC.

8.      During the time relevant to this action, Defendant Aaryn M. Ives worked as a Correctional Officer at PCC.

9.      Each Defendant is sued in his individual capacity.

## FACTS

10.     On or about October 5, 2024, Hudson requested placement in Protective Custody of the Administrative Segregation unit of PCC.

11.     On or about October 5, 2024, Defendants Bradley L. Smith and Aaryn M. Ives escorted Plaintiff to cell 2-A-30 located int the Administrative Segregation unit of PCC.

12.     Cell 2-A-30 was then and there occupied by Offender Ronald Morris.

13.     It was well-documented and otherwise well-known with the administration and staff that Offender Ronald Morris was considered an immediate or a long-term danger to other offenders and staff with violent, aggressive, threatening actions towards others, including, but not limited to:

(i)      the Prosecuting Attorney of Washington County, Missouri filed charges against Offender Morris for Endangering a Corrections Employee because he threw urine and feces in the face of two Correctional Officers at PCC (24WA-CR00088-1) and

(ii)     the Prosecuting Attorney of Washington County, Missouri charged Offender Morris with Possession of Unlawful Items in Prison in that Offender

3

Morris possessed a sharpened metal shank, 6 inches in length as PCC (21WA-CR00741-01).

14.     Upon information and belief, based on the aforementioned criminal charges and other substantial institutional violations, Offender Ronald Morris was designated to a **Mandatory Single Cell** Assignment in the Administrative Segregation unit for documented safety and security reasons because Offender Ronald Morris was considered an immediate or a long-term danger to other offenders that would be celled with him based on his extremely violent, aggressive, threatening actions towards others. (See, Missouri Department of Corrections Institutional Services Procedure Manual, IS21-1.2, Administrative Segregation).

15.     Upon information and belief, prior to placing Plaintiff in the cell with Offender Morris, Defendants Smith and Ives assured Plaintiff that Offender Morris was a mild-mannered, non-confrontational offender and an all-around "nice" guy.

16.     Upon information and belief, immediately after placing Plaintiff in the cell with Offender Morris, Plaintiff noticed extensive damage to the light fixture inside the cell.

17.     After noting his observations of the damage, Plaintiff immediately requested Defendants Smith and Ives transfer him to another cell.

18.     Defendants Smith and Ives ignored Plaintiff's request.

19.     On the night of October 8, 2024, Offender Morris brutally and viciously stabbed Plaintiff in his right eye with his self-made sharpened shank while Plaintiff slept in his bunk.

4

20.     Offender Morris made the weapon from the plastic covering of the light fixture in the cell.

21.     Plaintiff called for the correctional officer to come to his aid. Correctional Officer Boyers arrived first and ultimately transferred Plaintiff to the prison infirmary and was transported to St. Louis University Hospital where doctors removed (enucleated) his right eye based on the severe damage the shank caused to Plaintiff's eye.

22.     Based on this attack against Plaintiff, the Prosecuting Attorney for Washington County, Missouri charged Offender Morris with:

(i)     the class A felony of Assault in the First Degree;

(ii)    the class B felony of Delivering or Concealing Prohibited Articles on Premises; and

(iii)   the Unclassified felony of Armed Criminal Action. (25WA-CR00114-01).

23.     In the Probable Cause Statement, Offender Morris "admitted to making from his plexiglass light fixture was 8 ½ inches in length in a T capable of causing great bodily harm."

24.     At no time did any Defendant or anyone else check or search cell 2-A-30 prior to placing Plaintiff in the cell. After all it was designated a **Mandated Single Cell**. Defendants' actions were in clear contravention of DOC policies, procedures, and customs.

25.     Plaintiff filed an Informal Resolution Request (I.R.R.) claiming DOC employees failed to protect him and others by their failure to follow established Safety and Security policies and procedures.

26.     On or about December 20, 2024, Plaintiff received a response which stated, "Based on the evidence your IRR is denied."

27.     On or about January 7, 2025, Plaintiff filed his offender grievance and reiterated the same claims and requested monetary compensation.

28.     On or about June 3, 2025, the Deputy Division Director, Division of Adult Institutions, Earl Dye, responded saying "the grievance response you received adequately addressed your complaint. . . . Your appeal is denied."

29.     Upon information and belief, the Missouri Department of Corrections Institutional Services Policy and Procedural Manual, IS21-1.2, Administrative Segregation outlines policies applicable to DOC facilities and employees.

30.     Upon information and belief, the Missouri Department of Corrections, Department Manual, Employees Standards outlines standards all employees of the Department of Corrections are expected to maintain.

31.     Upon information and belief, the Missouri Department of Corrections Department Procedure Manual, Staff Member Conduct provides staff members with a guideline of professionalism and appropriate conduct.

32.     Defendants have ignored their responsibilities under the above stated Procedural Manuals and other DOC policies, procedures, and customs. No DOC policies, procedures of customs provide Defendants with authority to create and provide an

6

environment that jeopardizes the safety and security concerns for those who reside within DOC facilities such as PCC.

33.     Upon information and belief, all offenders assigned to administrative segregation mandated single cell requires offenders to be alone in the cell. Defendants failed to follow DOC policies, procedures and customs in this case and instead knowingly placed Plaintiff in a single cell of a known violent offender together with deliberate indifference to the harm that might ensue, resulting in Plaintiff's injuries. Had Defendants followed DOC policies, procedures and customs, Plaintiff and Offender Morris would not have been placed in a cell together and Plaintiff would not have been assaulted from being placed in a cell with Offender Morris armed with an 8 ½ inch shank.

## COUNT I

### Deliberate Indifference to Peter Hudson's Eighth Amendment Right

34.     Plaintiff hereby incorporates by reference the factual allegations contained in paragraphs 1 through 33 as if fully stated herein.

35.     Through the acts and omissions alleged in this Complaint, Defendants subjected Peter Hudson to a vicious attack that deprived him of the rights, privileges, and immunities secured and protected by the Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States, causing him grievous harm which ultimately led to the loss of his right eye.

36.     Through the acts and omissions alleged in this Complaint, Defendants have exhibited deliberate indifference to the health and safety of Peter Hudson, in violation of

7

the rights, privileges, and immunities of Peter Hudson as secured or protected by the Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States.

37.     Defendants' actions, and lack thereof, were not conducted in good-faith and were in violation of clearly established Constitutional law and prison policies and procedures. Their actions, and lack thereof, were unreasonable, unlawful, and unjustified.

38.     Defendants acted under color of state or local law.

39.     Each Defendant failed to follow prison policies and procedures to avoid the likelihood of harm, in light of Offender Ronald Morris' extremely dangerous behavior, knowing that their actions or omissions could result in serious bodily harm to Peter Hudson. Each of the Defendants was aware of the following information and failed to act accordingly:

(i)     Defendants Smith and Ives were Correctional Officers during this time. They knew that Offender Morris was assigned to a mandated single cell because Offender Ronald Morris was considered an immediate or a long-term danger to other offenders that would be celled with him based on his extremely violent, aggressive, threatening actions towards others.

(ii)    Defendants Smith and Ives knew of Offender Morris' recent vicious attacks on other inmates and Correctional Officers

(iii)   Defendants Smith and Ives knew of Offender Morris' current criminal charges in Washington County Circuit Court for manufacturing shanks and throwing urine and feces on Correctional Officers.

8

(iv)  Defendants Smith and Ives failed to conduct routine cell inspections to locate and destroy any and all prison contraband pursuant to prison policies and procedures.

40.  As a result of Defendants' actions and inactions, Defendants caused Peter Hudson to suffer substantial harm, including, but not limited to, physical pain, mental and emotional distress, and, ultimately, the loss of his right eye.

41.  Defendants' failures to take any steps to reasonably ensure Peter Hudson's safety constituted a continuing violation of Plaintiff Hudson's Fourth and Eighth Amendment rights, as incorporated against the states by the Fourteenth Amendment.

42.  As a direct and proximate result of Defendants' unreasonable and unlawful actions and inactions, Peter Hudson suffered and loss his right eye, and he is entitled to substantial damages, including, but not limited to, any and all damages allowed by law. Plaintiff is further entitled to punitive damages.

## COUNT II

### Failure to Protect Under the Eighth Amendment, 42 U.S.C. § 1983

43.  Plaintiff hereby incorporates by reference the factual allegations contained in paragraphs 1 through 42 as if fully stated herein.

44.  Defendants were aware of the substantial risk of serious harm to Plaintiff Peter Hudson; including that Offender Ronald Morris was assigned to single man cell based on his dangerous proclivities generally, and specifically, convincing Plaintiff Hudson that Offender Morris was nonviolent and allowing an inmate known by the

9

prison system to be a substantial danger to inmates like Plaintiff Peter Hudson, leading to a complete and absolute failure to follow prison policies and procedures.

45.     Specifically, Defendants were aware of Offender Morris' assaults and other disciplinary issues.

46.     Defendants exhibited a conscious and callous indifference to that risk.

47.     Even more specifically, Defendants knew of Offender Morris' prior acts of violence and single man cell status and ordered Plaintiff in the same cell as Offender Morris.

48.     Defendants' actions and inactions caused Plaintiff Peter Hudson to suffer substantial harm, including, but not limited to, physical pain, mental and emotional distress, and ultimately the loss of his right eye.

49.     As a direct and proximate result of Defendants' unreasonable and unlawful actions, Plaintiff Peter Hudson suffered and loss his right eye, and he is entitled to substantial damages, including, but not limited to, any and all damages allowed under law. Plaintiff is further entitled to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(i)     Grant Plaintiff a trial by jury as to all triable issues of fact;

(ii)    Grant Plaintiff leave to add additional parties as the investigation into Peter Hudson continues;

(iii)   Compensatory damages, including damages for mental and emotional suffering caused by Defendants' misconduct;

10

(iv)    Punitive damages based on Defendants' willful, malicious, intentional and deliberate acts, including ratification, condonation, and approval of said acts;

(v)    Award Plaintiff interest to commence from injury;

(vi)    Grant other such relief as law and equity allows, including costs and reasonable attorney's fees under 42 U.S.C. § 1988.

(vii)    All other relief to which Plaintiff may be entitled.

Dated: 21st day of July, 2026.

Respectfully submitted,

**DERRICK R. WILLIAMS**
*Attorney & Counselor at Law, LLC*

By: /s/ *Derrick R Williams*

Derrick R. Williams, Bar #53416MO
1749 Independence Street, Suite F
Cape Girardeau, MO 63701
Telephone:    573.803.2051
Facsimile:    314.754.9591
Email: attydrwilliams@hotmail.com

*ATTORNEY FOR PLAINTIFF*

**PLAINTIFF HEREBY DEMANDS A TRIAL BY STRUCK JURY**

By: /s/ *Derrick R Williams*

11